ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| PAE Aviation and Technical Services, LLC | ) ASBCA No. 63911 |
| | ) |
| Under Contract No. FA8108-17-D-0012 | ) |
| T.O. FA8108-21-F-0031 | ) |

APPEARANCES FOR THE APPELLANT: Howard A. Wolf-Rodda, Esq.
Daniel B. Abrahams, Esq.
 Abrahams Wolf-Rodda, LLC
 Potomac, MD

APPEARANCES FOR THE GOVERNMENT: Caryl A. Potter, III, Esq.
 Air Force Deputy Chief Trial Attorney
Michael J. Farr, Esq.
 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE HAMADY ON THE PARTIES'
CROSS-MOTIONS FOR SUMMARY JUDGMENT

The appeal involves the government's denial of PAE Aviation and Technical Services, LLC's (PAE or appellant) claim for a price adjustment pursuant to FAR 52.222-43. The parties have crossed-moved for summary judgment on entitlement and quantum.[1] For the reasons set forth below, we deny both motions.

---

[1] For purposes of this opinion the Board will use the following abbreviations when citing to the parties' briefs: appellant's motion for summary judgment and memorandum of law in support thereof (app. mot.); appellant's statement of undisputed material facts in support of its motion for summary judgment (app. mot. SUMF); government's cross-motion for summary judgment and opposition to appellant's motion for summary judgment (gov't mot.); appellant's consolidated brief in opposition to respondent's cross-motion for summary judgment and reply in support of PAE's motion for summary judgment (app. reply); government's reply in support of [its] cross-motion for summary judgment (gov't reply); appellant's sur-reply brief in further opposition to the government's cross motion for summary judgment (app. sur-reply); and, government's sur-sur-reply in support of its cross-motion for summary judgment (gov't sur-reply).

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

The following facts are undisputed for purposes of the motions.

*The Contract*

1.  On November 23, 2016, the United States Air Force (Air Force or government) awarded Contract No. FA8108-17-D-0012, an indefinite quantity contract for Contract Field Team services (contract) (R4, tab 1 at 1, 5).

2.  The contract includes FAR 52.217-9, OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000), which provides in pertinent part:

> (a)  The Government may extend the term of this contract by written notice to the Contractor within **10 days of contract expiration**; provided that the Government gives the Contractor a preliminary written notice of its intent to extend at least **30 days** before the contract expires.  The preliminary notice does not commit the Government to an extension.
>
> (b)  If the Government exercises this option, the extended contract shall be considered to include this option clause.

(R4, tab 1 at 92) (emphasis in original)

3.  The contract incorporates by reference FAR 52.222-41, SERVICE CONTRACT LABOR STANDARDS (MAY 2014), which provides in pertinent part:

> (b)  *Applicability*.  This contract is subject to the following provisions and to all other applicable provisions of 41 U.S.C. chapter 67, Service Contract Labor Standards, and regulations of the Secretary of Labor (29 CFR Part 4).
>
>   . . . .
>
> (c)  *Compensation*.  (1) Each service employee employed in the performance of this contract by the Contractor or any subcontractor shall be paid not less than the minimum monetary wages and shall be furnished fringe benefits in accordance with the wages and fringe benefits determined by the Secretary of Labor, or authorized representative, as specified in any wage determination attached to this contract.

. . . .

(3) *Adjustment of Compensation.* If the term of this contract is more than 1 year, the minimum monetary wages and fringe benefits required to be paid or furnished thereunder to service employees under this contract shall be subject to adjustment after 1 year and not less often than once every 2 years, under wage determinations issued by the Wage and Hour Division.

. . . .

(R4, tab 1 at 94, 111) Thus, pursuant to the Service Contract Act, the Wage and Hour Division of the US Department of Labor (DOL) issues the applicable wage determinations that set the wage rates and fringe benefits due to the contractor's covered employees.

4. The contract incorporates by reference FAR 52.222-43, FAIR LABOR STANDARDS ACT AND SERVCE CONTRACT LABOR STANDARDS – PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) (MAY 2014), which provides in pertinent part:

(a) This clause applies to both contracts subject to area prevailing wage determinations and contracts subject to collective bargaining agreements.

. . . .

(c) The wage determination, issued under the Service Contract Labor Standards statute, (41 U.S.C. chapter 67), by the Administrator, Wage and Hour Division, Employment Standards Administration, U.S. Department of Labor, current on the *anniversary date of a multiple year contrac*t or *the beginning of each renewal option period*, shall apply to this contract. If no such determination has been made applicable to this contract, then the Federal minimum wage as established by section 6(a)(1) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. 206) current *on the anniversary date of a multiple year contract* or *the beginning of each renewal option period,* shall apply to this contract.
(d) The contract price, contract unit price labor rates, or fixed hourly labor rates will be adjusted to reflect the

3

Contractor's actual increase or decrease in applicable wages and fringe benefits to the extent that the increase is made to comply with or the decrease is voluntarily made by the Contractor as a result of:

>    (1) The Department of Labor wage determination applicable on the *anniversary date of the multiple year contrac*t, or at the *beginning of the renewal option period*. . . .

>    . . . .

>    (2) An increased or decreased wage determination otherwise applied to the contract by operation of law; or

>    . . . .

(R4, tab 1 at 94, 111) (emphasis added)

5. The contract contains in Part III, Section J, a list of attachments, including attachments 4 and 5, which appear to be wage information (R4, tab 1 at 112), but no attachments (including the applicable DOL wage determination) were included with the copy of the contract that was submitted in the Rule 4 file as supplemented (R4, tabs 1-12; app. supp. R4, tabs 1-2).

*The Task Order*

6. On June 25, 2021, the government issued Task Order No. FA8108-21-F-0031 (task order or TO) to PAE under the contract (R4, tab 2 at 1). The TO called for the provision of aircraft maintenance and related logistics services at Fresno Air National Guard Base (compl. ¶ 9; answer ¶ 9; app. mot. SUMF ¶ 3; gov't mot. at 8). The TO references several attachments in Part III, Section J (R4, tab 2 at 34), including attachments 4 and 5, which appear to be pricing sheets and a collective bargaining agreement (CBA), however, no attachments were included in both parties' Rule 4 submissions (R4, tabs 1-12; app. R4 supp., tabs 1-2). Moreover, the TO submitted into the record does not include the applicable DOL wage determination (R4, tab 2).

7. The TO set forth four periods of performance, including a transition period (June 30, 2021, to July 29, 2021), a base period (July 30, 2021, to June 29, 2022), Option Period I (June 30, 2022, to June 29, 2023), and Option Period II (June 30, 2023, to June 29, 2024) (R4, tab 2 at 1).

4

8.  The TO includes FAR 52.217-9, OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000), which provides in pertinent part:

> (a)  The Government may extend the term of this contract by written notice to the Contractor within **10 days** [sic][2] provided that the Government gives the Contractor a preliminary written notice of its intent to extend at least **30 days** before the contract expires.  The preliminary notice does not commit the Government to an extension.
>
> (b)  If the Government exercises this option, the extended contract shall be considered to include this option clause.

(R4, tab 2 at 32) (emphasis in original)  Thus, this clause gives the government the unilateral right to extend the contract term provided the requisite notice was given by the government within the specified timeframe.

9.  PAE and the government do not dispute that the TO incorporates a CBA between IAP Worldwide Services, Inc. and the International Association of Machinists and Aerospace Workers, AFL-CIO (IAMAW or Union) (original CBA) effective from April 1, 2020, to March 31, 2023.  *See* R4, tab 2 at 34 (referencing CBA Fresno dated April 1, 2021, at Attachment 5); *see also* app. supp. R4, tab 1 at 35-53; app. mot. at SUMF ¶¶ 8, 10; gov't mot. at 13).  They also do not dispute that the original CBA provided the hourly rates of pay applicable to PAE's unionized employees at the inception of TO through March 31, 2023 (app. supp. R4, tab 1 at 46; app. mot. SUMF ¶ 8; gov't mot. at 13).

10.  Article XXVII "DURATION" purports to provide the term of the original CBA, however, to the extent there is any text in this section of the original CBA it appears to have been cut off in the version included in the Rule 4 file as the text does not address the duration of the agreement (app. supp. R4, tab 1 at 52-53).

11.  On May 2, 2023, PAE and the Union entered into a new CBA (2023 CBA), which was effective from April 1, 2023, through March 31, 2025 (R4, tab 6 at 18). The 2023 CBA required wage increases for various job classifications (*id.* at 12). Article 27 of the 2023 CBA "DURATION" provides that the CBA "shall be effective April 1, 2023, and shall continue in full force and effect through March 31, 2025 and

---

[2] Sub-paragraph (a) of FAR 52.217-9 in the TO omits any temporal landmark associated with the requirement that the government provide written notice to the contractor "within 10 days."  *Cf. supra*, SOF ¶ 2 (setting forth FAR 52.217-9 in the contract, where the clause provides that the government may extend the term of the contract "by written notice to the Contractor within 10 days *of contract expiration. . . .*") (emphasis added).

thereafter from year to year unless sixty (60) days written notice is given by either party to the other, prior to the expiration date of this agreement."  (App. supp. R4, tab 6 at 18)

12.  By letter dated May 22, 2023, signed by Contracting Officer (CO) Scott Van Houten, the government provided PAE preliminary notice of its intent to exercise Option Period II pursuant to FAR 52.217-9.  The letter states in pertinent part:

> 1.  In accordance with the subject task order and FAR 52.217-9, entitled "Option to Extend the Term of the Contract;" notice is hereby provided of the Government's intention to exercise Option II for the period of 30 June 2023 – 29 June 2024.
>
> 2.  You are advised that this *preliminary* notice does not commit the Government to an extension.  Please acknowledge receipt of this letter by return e-mail.  Refusing acknowledgement may not keep the Government from exercising the unilateral right to exercise the option.

(R4, tab 3 at 2) (emphasis added)  The email forwarding the letter to PAE, sent by Contract Specialist, Kristina Keenan, reiterated that "this is just the notice" and stated that "a modification will be executed within the month to put into effect" (*id.* at 1).  Neither the email nor the letter to PAE referenced FAR 22.1010, NOTIFICATION TO INTERESTED PARTIES UNDER COLLECTIVE BARGAINING AGREEMENTS, or set forth a date by which the government would exercise its unilateral right to exercise the option or issue a bilateral contract modification extending the contract, although the letter indicated that Option Period II would begin on June 30, 2023 (R4, tab 3 at 2; app. mot. SUMF ¶ 17; gov't mot. at 14-15).

13.  On the same day, May 22, 2023, the government also provided a letter to the Union, albeit different from the letter it issued to PAE, signed by CO Scott Van Houten, which provides in pertinent part:

> 1.  In accordance with FAR 22.1010, Notification to Interested Parties Under Collective Bargaining Agreements, this letter serves as notice of a forthcoming modification to extend services for up to one year in accordance with FAR 52.217-9, Option to Extend the Term of the Contract. This letter was also sent to the contractor.

6

2. Option Year I of the subject task order expires [on] 29 June 2023. The task order is extendable at the option of the Government. Should the Government extend the task order one year in accordance with FAR 52.217-9; the period of performance for the extension will be 30 June 2023 – 29 June 2024.

(R4, tab 4 at 2) The email forwarding the letter to the Union, sent by Contract Specialist, Kristina Keenan, stated that "this is just the notice, a modification will be executed within the month to put into effect" (*id.* at 1). Neither the email nor the letter sets forth a specific date by which the government would exercise its unilateral right to exercise the option or issue a bilateral contract modification extending the contract, although the letter indicated that Option Period II would begin on June 30, 2024 (R4, tab 4; app. mot. SUMF ¶ 20; gov't mot. at 16). There is no evidence that a copy of this email and the attached Union letter was sent to PAE (*see* R4, tab 4 at 1).

*FAR Part 22 Provisions*

14. FAR 22.1010, NOTFICATION TO INTERESTED PARTIES UNDER COLLECTIVE BARGAINING AGREEMENTS, provides as follows:

(a) The contracting officer should determine whether the incumbent prime contractor's or its subcontractors' service employees performing on the current contract are represented by a collective bargaining agent. If there is a collective bargaining agent, the contracting officer shall give both the incumbent contractor and its employees' collective bargaining agent written notification of –

(1) The forthcoming successor contract and applicable acquisition dates (issuance of solicitation, opening of bids, commencement of negotiations, award of contract, or start of performance, as the case may be); or,

(2) The forthcoming contract modification and applicable acquisition dates (exercise of option, extension of contract, change in scope, or start of performance, as the case may be); or,

(3) The forthcoming multiple year contract anniversary date (annual anniversary date or biennial date, as the case may be).

7

(b) This written notification must be given at least 30 days in advance of the *earliest applicable acquisition date* or the applicable annual or biennial anniversary date in order for the time-of-receipt limitations in paragraphs 22.1012-2(a) and (b) to apply. The contracting officer shall retain a copy of the notification in the contract file.

(Emphasis added)

15. FAR 22.1012-2, WAGE DETERMINATIONS BASED ON COLLECTIVE BARGAINING AGREEMENTS, provides in pertinent part:

(b) For contractual actions other than sealed bidding, a new or changed collective bargaining agreement shall not be effective under 41 U.S.C. 6707(c) if notice of the terms of the new or changed collective bargaining agreement is received by the contracting agency after award of a successor contract or a modification as specified in 22.1007(b), provided that the contract start of performance is within 30 days of the award of the contract or of the specified modification. If the contract does not specify a start of performance date which is within 30 days of the award of the contract or of the specified modification, or if contract performance does not commence within 30 days of the award of the contract or of the specified modification, any notice of the terms of a new or changed collective bargaining agreement received by the agency not less than 10 days before commencement of the work shall be effective for purposes of the successor contract under 41 U.S.C. 6707(c).

(c) *The limitations in paragraphs (a) and (b) of this subsection shall apply only if timely notification required in 22.1010 has been given.*

(Emphasis added)

*Modification No. P00019 extending the contract period of performance*

16. On June 27, 2023, the government and PAE bilaterally exercised Option Period II via Modification No. P00019 pursuant to FAR 52.217-9 and FAR 43.103(a)[3],

---

[3] FAR 43.103(a) pertains to and describes bilateral contract modifications.

which extended the TO period of performance from June 30, 2023, to June 29, 2024 (R4, tab 5 at 1-2). The modification provided funding for various SubCLINs for Option Period II, however it does not include a wage determination, is silent as to the incorporation of a CBA, and lacks any release language (R4, tab 5).[4] Because there is no wage determination included in the version of Modification No. P00019 in the Rule 4 file, it is unclear whether funding for Modification No. P00019 was based on the wages included in the original CBA that appears to have expired on March 31, 2023, almost three months before the modification was executed, or something else.

17. The record contains no correspondence between the government and PAE between the government's May 22, 2023, notices and the bilateral execution of Modification No. P00019 on June 27, 2023 (*see generally* R4, tabs 1-12; app. supp. R4, tabs 1-2).

18. There is no evidence in the record that the government provided notice to PAE or the Union, written or otherwise, of the specific date on which a contract modification would be issued bilaterally extending the contract or provide a date by which the government would unilaterally exercise its option to extend the contract (*see* app. mot. SUMF ¶ 21; gov't mot. at 16 (admitting the government's May 22, 2023, letter to PAE and the Union did not specify an exact date on which the government would exercise Option Period II)).

19. By email dated July 17, 2023, PAE sent the government a copy of the 2023 CBA (R4, tab 6).

20. On February 6, 2024, PAE submitted a certified claim in the amount of $1,625,361.58 requesting a contracting officer's final decision, contending that PAE was entitled to an adjustment pursuant to FAR 52.222-43 FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT LABOR STANDARDS – PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) (MAY 2014) because the government "failed to meet the substantive and timeliness requirements set out in FAR 22.1010 for notifying PAE and the Union of the Government's intent to exercise an option." (R4, tab 11 at 1-2, 10-12). On March 26, 2024, the contracting officer issued a final decision denying PAE's claim (R4, tab 12 at 2-6).

21. On May 21, 2024, PAE timely filed a notice of appeal with the Board. The Board docketed the appeal as ASBCA No. 63911 on May 23, 2024.

22. PAE filed a motion for summary judgment on March 7, 2025 on entitlement and quantum, clarifying that the amount set forth in its certified claim,

---

[4] The modification references a Performance Work Statement at Section J, Attachment 1, but it is not included in the Rule 4 file (R4, tab 5).

based on its adjustment proposal, was based on projected costs to be incurred as a result of complying with the 2023 CBA, and that based on "actual experience, the total increase in wages and fringe benefits incurred in accordance with the terms of the 2023 CBA" was $1,559,908.45 (app. mot. SUMF ¶¶ 29, 32; app. mot. at 1, 27-28). The government does not dispute that PAE incurred this amount complying with the 2023 CBA (gov't mot. at 18).

DECISION

*The Pending Cross-Motions*

PAE has filed a motion for summary judgment on all aspects of its claim, contending the government failed to give definitive and timely notification to PAE and the Union of the forthcoming exercise of Option Period II as required by FAR 22.1010; therefore, PAE is entitled to a price adjustment under FAR 52.222-43 for Option Period II (app. mot. 20-26). PAE contends that the government's May 22, 2023, notices to PAE and the Union failed to comply with FAR 22.1010 because they were noncommittal and did not bind the government to exercise the option, and, because they failed to identify the date on which the option would be exercised (*id.* 20-21). PAE also submits that even if the government's May 22, 2023, notices were substantively compliant with FAR 22.1010, they were untimely because FAR 22.1010 "requires that the notification of a forthcoming modification to exercise an option be given at least 30 days in advance of the *earliest* applicable acquisition dates," which PAE submits "was the date (or dates) on which the option could be exercised." (*Id.* at 24) (emphasis in original) Therefore, PAE concludes that the government's denial of PAE's claim is without merit (*id.* at 2-3, 15-22).

The government contends its notices to PAE and the Union complied with FAR 22.1010, and, because PAE submitted the 2023 CBA to the government *after* the exercise of Option Period II, denial of PAE's claim is justified pursuant to the deadlines set forth in FAR 22.1012-2(b) (gov't mot. at 1, 6-7). The government contends its notices satisfied the requirements of FAR 22.1010(a)(2), because it "specifically cited FAR 52.217-9," which, according to the government, "clearly informed" PAE (and the Union) that the government was required to exercise Option Period II at least 10 days before, or no later than the end of Option Period I, on June 29, 2023 (gov't mot. at 5-6). In the alternative, the government asserts it complied with FAR 22.1010(a)(3) because the contracting officer sent the notices to PAE and the Union more than 30 days before June 30, 2023," which the government argues is the "applicable annual anniversary date for Option [Period] II," meaning its notices were timely (gov't reply at 11-12). Accordingly, the government concludes its notices were compliant with FAR 22.1010(a)(2) and (a)(3), and therefore the time-of-receipt limitations of FAR 22.1012-2(b) bar PAE's claim (gov't reply at 12).

10

*Legal Standard for Summary Judgment*

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986) (*citing* FED. R. CIV. P. 56(c)). The moving party bears the burden of establishing the absence of any genuine issue of material fact and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987) (citations omitted). In evaluating a motion for summary judgment, our role is not "'to weigh the evidence and determine the truth of the matter,' but rather to ascertain whether material facts are disputed and whether there exists any genuine issue for trial." *Holmes & Narver Constructors, Inc*., ASBCA Nos. 52429, 52551, 02-1 BCA ¶ 31,849 at 157,393 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)). The fact that both parties have moved for summary judgment does not mean that the Board must grant judgment as a matter of law for one side or the other. *See Mingus Constructors,* 812 F.2d 1387, 1391 (Fed. Cir. 1987) (stating that "summary judgment in favor of either party is not appropriate if disputes remain as to material facts."). Rather, the Board must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. *Id.*

PAE's motion for summary judgment is based on the government's alleged failure to meet FAR 22.1010's written notification requirements (app. mot. at 2). Its argument rests principally on the Board's decisions in *Alutiiq Commercial Enter., LLC,* ASBCA No. 61503, 20-1 BCA ¶ 37,506; *Tecom, Inc.*, ASBCA No. 51591, 01-1 BCA ¶ 31,156; and, *Raytheon Serv. Co.*, ASBCA Nos. 28721, 29668, 86-3 BCA ¶ 19,094. The overarching issue in this appeal is whether the government's May 22, 2023, notices to PAE and the Union complied with FAR 22.1010.

The Board recognizes that PAE and the Union completed negotiations on the 2023 CBA well before the government and PAE executed the bilateral modification extending the contract (SOF ¶¶ 11, 16), unlike the situations in *Alutiiq, Raytheon* and *Tecom*, and therefore, conceivably, PAE had time to provide the 2023 CBA to the contracting officer before the start of performance of Option Period II. However, as stated in *Alutiiq*, "Our cases resolutely demand strict enforcement of notice provisions with respect to options." *Alutiiq*, 20-1 BCA ¶ 37,506 at 182,197 (citing *Tecom Inc.* ASBCA No. 51591, 01 BCA ¶ 31,156; *Raytheon Serv. Co.,* ASBCA Nos. 28721, 29668, 86-3 BCA ¶ 19,094). Therefore, the fact that the 2023 CBA had been negotiated before the parties executed modification P00019, does not obviate FAR 22.1010's notice requirements.

Here, it is undisputed that the May 22, 2023, notices to PAE and the Union failed to set forth a specific date by which the government would issue a contract modification that either exercised the government's option or extended the contract

(SOF ¶¶ 12-13, 18), even though both letters indicated the start of performance for Option Period II would begin on June 30, 2023, if the option was exercised. The government's notice to PAE did not reference FAR 22.1010 and made clear that the notice was "preliminary" (SOF ¶ 12). The government's notice to the Union on the other hand, referenced FAR 22.1010[5] and provided notice of a "forthcoming modification," but then stated that "[s]hould the government extend the task order . . . the period of performance . . . will be 30 June 2023 – 29 June 2024" (SOF ¶ 13). Both notices to PAE and the Union were accompanied by an email sent by a contract specialist, not the CO who signed the notices, that informed them that a modification would be "executed within the month," but even that did not happen (SOF ¶¶ 12-13, 16).[6] The record, in its current undeveloped state,[7] shows no correspondence between PAE and the government between the date the notices were issued on May 22, 2023, and June 27, 2023, the date PAE and the government executed Modification No. P00019, extending the contract bilaterally, even though it appears that the government could have exercised the option unilaterally (SOF ¶ 17). Moreover, it is unclear from the record before us whether the email accompanying the letters meant that a modification would be issued within the month of May or within a month from the date of the issuance of the notices. What is clear, is that the parties dispute whether the notices were adequate in light of the notification requirements set forth in FAR 22.1010. The present record is not sufficiently developed for this Board to determine why the contract specialist indicated that a contract modification would be issued "within the month" in the email attaching notices, when the notices themselves did not state that a modification would be issued "within the month" and were signed by Mr. Van Houten, identified as the contracting officer, what the contracting specialist meant when she stated that a modification would be issued "within the month," whether the CO was aware the contract specialist made this statement or authorized the statement, whether PAE or the Union read that statement, and if so, how they interpreted that statement, and whether those interpretations were reasonable. Answers to these questions may be of assistance in resolution of the question as to whether the May 22, 2023, notices were adequate in light of the notification requirements of FAR 22.1010, rendering summary judgment inappropriate at this time.

[5] Notably, FAR 22.1010 requires notice to both the Contractor and the Union. FAR 22.1010(a). Notice to one cannot substitute for notice to the other. Accordingly, we reject the government's speculative argument that because the notice issued to the Union referenced FAR 22.1010, PAE had or should have had constructive notice.

[6] If the government issued a modification within the month of May, the modification would have been issued no later than May 31, 2023. If the government issued a modification with a month from the date the notices were issued, the modification would have been issued on or around June 22, 2023, however, it was not issued until June 27, 2023 (SOF ¶¶ 12-13, 16).

[7] The Board has identified several gaps in the record in this matter that may be helpful in understanding the events giving rise to dispute (SOF ¶¶ 5- 6, 10, 16-17).

*See Advanced Tech. & Testing Laboratories, Inc.*, ASBCA No. 55805, 08-2 BCA ¶ 33,950 at 167,976 (citing *Murson Constructors,Inc.*, ASBCA No. 34528, 88-2 BCA ¶ 20,549 (stating summary judgment should be denied where the record is not fully developed))*; All-State Constr., Inc.*, ASBCA No. 48728, 97-2 BCA ¶ 29,080 at 144,768 (denying summary judgment due to parties incomplete proofs and inability to determine whether appellant's interpretations of contract provisions was reasonable); *Teledyne Brown Eng'g, Inc.*, ASBCA No. 58636, 14-1 BCA ¶ 35,495 at 173,999 (denying summary judgment, for among other reasons, the development of a fuller record); *Southeast Consortium for Intern. Dev.*, ASBCA No. 35064, 88-2 BCA ¶ 20,735 at 104,780 (denying summary judgment on the basis that the record was not sufficiently developed with respect to evidence of the parties' understanding of a contract clause and whether the parties discussed the clause at any relevant time, finding the evidence of the parties' understanding of the clause "may be of some assistance in the resolution of the question" and determining that summary judgment "would be ill advised" under such circumstances).

CONCLUSION

For the reasons stated above, the parties' cross-motions for summary judgment are denied.

Dated: November 21, 2025

ROBYN L. HAMADY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63911, Appeal of PAE Aviation and Technical Services, LLC, rendered in conformance with the Board's Charter.

Dated: November 21, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals